JOURNAL ENTRY AND OPINION
Appellant Robin Gray-Neal ("appellant") appeals from the decision of the trial court granting permanent custody of Andre Gray to the Cuyahoga County Department of Children and Family Services ("CCDCFS") and legal custody of Stepheon Neal to his natural father, Percy Neal.
Appellant assigns the following errors for review:
 I. REVERSIBLE ERROR WAS COMMITTED. WHEN HEARSAY TESTIMONY WAS ADMITTED.
 II. COUNSEL'S FAILURE TO OBJECT TO HIGHLY PREJUDICIAL HEARSAY CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IMPROPERLY CROSS-EXAMINING THE APPELLANT.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On October 31, 1997, CCDCFS filed a complaint asking for temporary custody of appellant's children, Andre Gray (DOB March 17, 1985) and Stepheon Neal (DOB July 19, 1991). After Andre arrived for school on October 28, 1997, welts were discovered on his chest, back, and buttocks. Andre stated that his mother, appellant, whipped him with a belt. Andre is a special needs child who has been diagnosed with autism. Andre was taken to the hospital. When questioned about the incident, appellant became angry and defensive. Appellant stated she would discipline her child any way she wanted and that no one could tell her how to whip her children. Appellant refused to tell authorities the location of her younger child, Stepheon. Appellant was convicted of child endangering because of the incident and placed on probation.
On March 10, 1998, the trial court found Andre to be an abused child and Stepheon to be dependent. CCDCFS placed the children with their maternal uncle. Appellant was to have unlimited but supervised visitation with the children. On May 11, 1998, Andre came to school with a large laceration on his arm. Bruises were found on his body and a scratch on his forehead. Contrary to the case plan, appellant had unsupervised visitation with her children that weekend. Appellant admitted to whipping Andre but denied any knowledge of how his arm came to be injured. At a staffing held at CCDCFS after the incident, appellant stated she did not want Andre back.
CCDCFS moved for permanent custody of Andre and asked for legal custody of Stepheon. On December 14, 1998, the trial court held a hearing on CCDCFS' motions. After hearing evidence, the trial court granted CCDCFS permanent custody of Andre. Stepheon was placed in the legal custody of his father, Percy Neal.
 II.
In her first assignment of error, appellant contends the trial court erred by admitting hearsay into evidence. Appellant argues that the testimony amounted to prejudicial error even though the response was elicited by her own attorney during cross-examination. Specifically, appellant objects to the following exchange which occurred when her counsel cross-examined CCDCFS social worker Cindy Yee:
 Q. You don't have any evidence, do you, that would ever indicate Robin abused or did anything to Stepheon, do you?
 A. Not in writing, but I spoke with Stepheon this morning, and he actually told me he wanted to see his mommy this morning, so that he could tell her to start behaving and quit hitting him, so that he could have visits.
(Tr. 128). Because this testimony was made in response to a question posed by appellant's own attorney, the invited error doctrine is applicable. The "invited error doctrine" prohibits a party from raising an error on appeal which she herself invited or induced the trial court to make. State ex rel. Fowler v.Smith (1994), 68 Ohio St.3d 357, 359; Center Ridge Ganley, Inc., v.Stinn (1987), 31 Ohio St.3d 310, 313. Therefore, appellant is precluded from raising this issue on appeal.
Appellant's first assignment of error lacks merit.
 III.
In her second assignment of error, appellant submits that her attorney was ineffective for not asking the trial court to strike the answer of Yee because of the highly prejudicial nature of the evidence. The standard for ineffective assistance of counsel utilized in actions affecting orders of dispositions made by juvenile courts is the same as applied in criminal cases. SeeJones v. Lucas Cty. Children Services Bd. (1984), 46 Ohio App.3d 85
. To prevail on a claim of ineffective assistance of counsel, an appellant must show that her counsel's performance fell below an objective standard of reasonable professional competence and that there is a reasonable probability that, but for the attorney's unprofessional error, the result of the proceeding would have been otherwise. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Generally, the failure to object or to move to strike an answer falls within the realm of trial tactics and does not establish ineffective assistance of counsel. State v.Hunt (1984), 20 Ohio App.3d 310. Further, a trial counsel's decision to engage in a particular line of questioning on cross-examination will not be second-guessed on appeal but is considered to be the product of sound trial strategy. State v. Clayton
(1980), 62 Ohio St.2d 45.
Appellant hardly can claim that the result of the proceeding would have been different if her attorney had asked that the response be stricken from the record. This case was tried to the trial court and not a jury. The usual presumption is that a trial judge only considered relevant evidence. State v. Baston (1999),85 Ohio St.3d 418. Appellant has offered no evidence to overcome the presumption that the trial court disregarded any evidence which was not properly before it.
Appellant's second assignment of error is overruled.
 IV.
Appellant's third assignment of error challenges the trial court's impartiality in the case. Appellant asserts that the trial court cross-examined her on the stand at length in a manner which suggested that the judge was biased against appellant. Appellant goes so far as to state that the trial court acted as a prosecutor in the matter, essentially denying appellant a fair hearing.
Evid.R. 611(A) provides that the trial court has discretion to control the flow of trial including the questioning of witnesses. Evid.R. 614(B) permits the trial court to interrogate witnesses in an impartial manner. A trial judge has a duty to see that truth is developed and therefore should not hesitate to pose a proper, pertinent, and even-handed question when justice so requires.Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Serv., Inc.
(1992), 81 Ohio App.3d 591, 610. A trial judge is presumed to act in a fair and impartial manner. In re Disqualification ofKilpatrick (1989), 47 Ohio St.3d 605, 606. To overcome this presumption, an appellant must make a showing of bias, prejudice, or that the trial judge prodded the witness to elicit partisan testimony. Jenkins v. Clark (1982), 7 Ohio App.3d 93, 98. A trial court's questioning of a witness is not deemed partial for purposes of Evid.R. 614(B) merely because the evidence elicited during the interrogation was damaging to one of the parties. See State v.Blankenship (1995), 102 Ohio App.3d 534. In a bench trial, the judge has more freedom in questioning witnesses. Lorenc v.Sciborowski (Mar. 16, 1995), Cuyahoga App. No. 66945, unreported. An appellate court reviews the record to see if the trial court abused its discretion in the manner in which the interrogation was conducted. State v. Prokos (1993), 91 Ohio App.3d 39.
The trial court's first inquiry of appellant came after she described the incident in which she struck Andre with a belt before school. Appellant testified that she found the smallest belt available and tapped the child a couple of times. The trial court asked how this act left marks on the boy. Appellant then went on to describe her great love of children and explained her methods of discipline. She denied ever stating that no one could tell her she could not hit her children. The trial court wanted to know if everyone who had testified she made these statements was lying. The trial court then asked a series of questions in an attempt to discover what appellant acknowledged she did say.
Appellant testified regarding the laceration on Andre's arm. Appellant admitted being with the children for part of the weekend when the injury occurred but denied being with Andre at the time he was injured. Appellant stated she had spanked the child but did not have anything to do with the wound or know how any marks came about on the boy's body. The trial court asked a number of questions trying to find out when the children were with appellant that weekend. Appellant finally admitted she lied when she testified Andre was not in her care at the time his arm was injured. Shortly after that admission, the trial court cautioned appellant about whether she should continue testifying or if she did continue, to be careful to testify truthfully.
Appellant has failed to overcome the presumption that the trial court acted in an impartial manner. The trial court had a duty to attempt to discover the truth. Appellant obviously was being less than truthful, as her admission of perjury shows. The trial court was not biased or prejudiced against appellant.
Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and JAMES M. PORTER, J. CONCUR.
 ______________________ LEO M. SPELLACY, JUDGE