OPINION
{¶ 1} Defendant-appellant, Edwin Williams, appeals his theft conviction in Butler County Common Pleas Court. We affirm the judgment of conviction for the reasons outlined below.
 {¶ 2} Appellant resided in Butler County in a duplex co-owned by Shirley Horsley ("Horsley") and Horsley's daughter, Dona Canaan. Canaan lived in the other half of the building. A rolltop desk belonging to Horsley was stored in the shared basement of the duplex.
 {¶ 3} When Horsley's daughter moved out of the duplex in November 2000, appellant asked her if he could have or use the rolltop desk. Canaan testified that she told appellant that she would have to ask Horsley, since the desk belonged to her.
 {¶ 4} Canaan reportedly told appellant that Horsley would not give him permission to use the desk. Appellant moved the desk into his apartment shortly thereafter.
 {¶ 5} Horsley and her son later entered appellant's apartment to investigate complaints appellant had about the apartment. Both Horsley and her son saw the desk in appellant's apartment. Horsley's son testified that appellant told him that Canaan said he could use the desk. Horsley testified that she did not mention the desk to appellant because she wanted to ask Canaan whether she had mistakenly given appellant permission to use the desk.
 {¶ 6} The landlord-tenant relationship between appellant and Horsley deteriorated, and appellant reportedly moved out of the apartment in August 2001. Horsley alleged that she had been unable to gain access to appellant's apartment during the time when the landlord-tenant relationship was deteriorating. After appellant vacated the apartment, Horsley entered the apartment with the assistance of a locksmith and discovered the desk was missing from the premises.
 {¶ 7} Appellant was arrested for theft of the desk. Appellant was charged with a felony because the desk was valued over $500. A jury found appellant guilty of felony theft. Appellant appeals his conviction, presenting four assignments of error.
Assignment of Error No. 1:
 {¶ 8} "THE COURT ERRED IN ELICITING AN ELEMENT OF THE OFFENSE FROM A STATE WITNESS[.]"
 {¶ 9} Appellant asserts that the prosecution was unable to properly phrase a question at trial to elicit from Horsley the desk's value and whether it exceeded the statutory threshold of $500 for felony theft. Appellant argues that he was prejudiced when the questioning of the trial court elicited the testimony from Horsley that the value of the desk was over $500.
 {¶ 10} First, we must note that appellant's counsel at trial failed to object to the trial court's questions. Any errors not brought to the attention of the trial court by objection or otherwise are waived and may not be raised on appeal unless they rise to the level of plain error. Crim.R. 52; State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus. To constitute plain error, it must appear from the record that an error occurred, and that except for that error the outcome of the trial would have been different. State v. Williford (1990),49 Ohio St.3d 247, 252.
 {¶ 11} The trial court has discretion to question witnesses and participants. Evid.R. 611; Evid.R. 614; State v. Clemans (1997),121 Ohio App.3d 337, 339.
 {¶ 12} In a trial before a jury, the trial court's participation by questioning or comment must be scrupulously limited lest the court, consciously or unconsciously, indicate its opinion to the jury. State v.Prokos (1993), 91 Ohio App.3d 39, 44. Where a jury might infer the court's opinion of a witness through the persistence, tenor, range, or intensity of its questions, the interrogation is prejudicially erroneous. Id. An appellate court must determine whether the trial court's questions and comments constituted an abuse of discretion. Id.
 {¶ 13} Upon review of the record, we find that the trial court questioned the witness in an impartial manner about whether she knew the value of the desk and if she could place a value on the desk as its owner. The trial court did not abuse its discretion with its questioning, and therefore no error exists to evaluate as plain error. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 {¶ 14} "THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING BEYOND A REASONABLE DOUBT THAT THE APPELLANT WAS GUILTY OF THEFT IN VIOLATION OF 2913.02 [SIC] COMMITTING A THEFT OFFENSE VALUED OVER $500.00."
 {¶ 15} Appellant argues that there was insufficient evidence to show that he had, with purpose to deprive the owner, knowingly exerted control over the desk on or about August 7, 2001. Further, appellant argues that there was insufficient evidence to prove that the desk was valued at $500 or more.
 {¶ 16} In resolving the sufficiency of the evidence argument, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 17} R.C. 2913.02(A)(1) states that: (A) "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent[.]"
 {¶ 18} R.C. 2913.02(B)(2) states, in part, that a violation of the section is a felony of the fifth degree if the value of the property stolen is $500 or more and is less than $5,000.
 {¶ 19} Construing the evidence most favorably for the prosecution, there was sufficient evidence from the testimony of Horsley, Horsley's son, and Canaan for a rational trier of fact to have found beyond a reasonable doubt that appellant, with purpose to deprive Horsley of the desk, knowingly obtained or exerted control over the desk without Horsley's consent. State v. Jenks, 61 Ohio St.3d at 272.
 {¶ 20} Further, construing the evidence most favorably for the prosecution, we find that there was sufficient evidence from Horsley's testimony for any rational trier of fact to have found beyond a reasonable doubt that the value of the desk was more than $500 and less than $5,000. Bishop v. East Ohio Gas Co. (1944), 143 Ohio St. 541,546-7.
 {¶ 21} Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 {¶ 22} "THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 {¶ 23} In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 24} A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required to reverse a judgment of a trial court on the weight of the evidence in a jury trial. Id. at 389.
 {¶ 25} We have previously outlined the evidence presented in this case. The evidence from the state included testimony that a desk valued over $500 was stored in the basement of the duplex; that appellant was told that he could not have or use the desk; that Horsley and her son saw the desk in appellant's apartment; and that the desk could not be found after appellant vacated the premises.
 {¶ 26} Appellant provided a witness who worked with him and helped him move out of the duplex. The witness testified that he did not move a desk out of appellant's apartment, and that he caught a glimpse of a desk in the basement of the duplex on the day he helped appellant move out.
 {¶ 27} Appellant testified that he was told by Horsley in July 2001 to return the desk to the basement, which he did. Appellant stated that he never saw the desk after he moved out and did not know that it was missing.
 {¶ 28} The jury was presented with two distinct versions of events concerning the desk. We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Accordingly, we cannot say that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 {¶ 29} "THE COURT COMMITTED PREJUDICIAL ERROR IN DETERMINING THE AMOUNT OF RESTITUTION AWARDED TO THE VICTIM AS THERE WAS INSUFFICIENT EVIDENCE AND INFORMATION IN THE RECORD FROM WHICH THE COURT COULD REASONABLY ASCERTAIN THE AMOUNT OF RESTITUTION AT $2,000."
 {¶ 30} R.C. 2929.18(A)(1) authorizes the court to order restitution to the victim of the offender's crime, in an amount based on the victim's economic loss. "Economic loss" is defined by R.C. 2929.01(M), in part, as any economic detriment suffered by a victim as a result of the commission of a felony.
 {¶ 31} The record must contain sufficient evidence for the court to ascertain the amount of restitution to a reasonable degree of certainty. State v. Brumback (1996), 109 Ohio App.3d 65, 83. The amount of restitution must bear a reasonable relationship to the loss suffered.State v. Large, Cuyahoga App. No. 81278, 2002-Ohio-6335 at ¶ 12-18.
 {¶ 32} Horsley testified that her husband worked on the desk when it was first purchased. However, she did not have a receipt for the desk and wanted to defer to her husband, who was not present to testify. Horsley stated that after reviewing comparable desks, she believed the value of the missing desk was $1,500 to $2,000.
 {¶ 33} The trial court found that the desk had economic and intrinsic value to Horsley. See Bishop v. East Ohio Gas Co.,143 Ohio St. at 546-47; R.C. 2913.61. The trial court further held that $2,000 was the value of the desk and ordered payment of that amount as restitution.
 {¶ 34} Having reviewed the record, we find that the amount of restitution was determined by the trial court to a reasonable degree of certainty, and the trial court acted within its discretion by making this determination. See State v. Cook (Sept. 8, 1987), Preble App. No. CA87-04-009. Appellant's fourth assignment of error is overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.