OPINION
{¶ 1} Appellant, Morris Hill, appeals from a judgment of the Warren Municipal Court, finding him guilty of violating Warren City Ordinance 351.23. The judgment of the municipal court is reversed and judgment is entered accordingly.
 {¶ 2} Appellant received a parking ticket on April 4, 2003, alleging that he violated Warren City Ordinance 351.23. The ordinance, entitled "Parking in the Central Business District," states:
 {¶ 3} "(a) On weekdays (Monday through Friday) from the hours of 8:00 a.m. to 6:00 p.m., two hours, commencing upon the initial parking of a vehicle, is the maximum time that any motor vehicle may be parked.
 {¶ 4} "(b) For the purpose of this section only, any vehicle that is moved to another on-street parking space within the Central Business District is deemed to have remained stationary."
 {¶ 5} According to Warren City Ordinance 351.99, a violation of 351.23 is a minor misdemeanor carrying a fine of seven dollars per violation.
 {¶ 6} Appellant entered a plea of not guilty, which the municipal court accepted. The municipal court held a bench trial on April 23, 2003. Appellant appeared pro se. Although the cover of the transcript indicates that Traci Timko Rose ("Ms. Rose") appeared on behalf of appellee, the City of Warren, the cover of a transcript is a nonevidentiary document. The transcript itself does not indicate that Ms. Rose was present, as she never spoke or was spoken to. Accordingly, the transcript does not affirmatively show that appellee was present or participated at the trial of this matter in any way.[1]
 {¶ 7} Appellant testified on his own behalf. The municipal court called appellee's witnesses, Marcia Christy ("Ms. Christy") and Bobette Cicchillo ("Ms. Cicchillo"), who were parking attendants employed by CDC.[2] There was no formal direct or cross-examination of any witness. From the transcript, it appears as if the trial was essentially a conversation between the municipal court, appellant, and appellee's witnesses.
 {¶ 8} According to Ms. Christy, she marked appellant's car the first time, when it was parked on High Street. She marked the car a second time, at 10:47 a.m., when it was still parked on High Street. At 12:26 p.m., the car was parked on East Market Street, and she then ticketed the car for a violation of Warren City Ordinance 351.23(A).
 {¶ 9} Appellant argued that he was not parked within the Central Business District for more than two hours on that day. He stated that he went to the county jail at 9:51 a.m. to do an investigation, and he parked in front of the courthouse on High Street. When his car was parked there, Ms. Christy marked it twice, the second time being 10:47 a.m. After leaving the jail, appellant stated that he moved his car and went to the recruiting office and to Thom Duma's jewelry store where he purchased a ring. After leaving the jewelry store, appellant moved his car again when he went to First Federal Bank. That time, he parked on East Market Street. When he left the bank, appellant found the parking ticket on his car.
 {¶ 10} The municipal court found appellant guilty of the offense. The court stated at the trial, "[b]ased upon the testimony here today, I'm going to find that the total parking time exceeded two (2) hours." The municipal court waived the late fee and imposed the original fine, in the amount of seven dollars.
 {¶ 11} From this judgment, appellant appeals and sets forth the following assignments of error:
 {¶ 12} "[1.] The trial court erred to the prejudice of Appellant by conducting the trial and convicting Appellant on the unsworn testimony of witnesses.
 {¶ 13} "[2.] The trial court erred and abused its discretion by assuming the role of the prosecuting attorney as well as acting as the trier of fact.
 {¶ 14} "[3.] The prosecution failed to prove an essential element of the offense and the finding of guilty was against the manifest weight of the evidence."
 {¶ 15} In his first assignment of error, appellant argues that the municipal court erred by conducting the trial and convicting appellant upon the unsworn testimony of witnesses. We disagree.
 {¶ 16} An oath or affirmation is a prerequisite to the testimony of a witness, and a trial court errs by relying on unsworn testimony in reaching its decision. See, e.g., AllstateIns. Co. v. Rule (1980), 64 Ohio St.2d 67; Stanger v.Worthington (Sept. 23, 1997), 10th Dist. No. 96APE12-1622, 1997 Ohio App. LEXIS 4355. In the instant matter, the record does not reflect that any of the witnesses at the trial were administered an oath or affirmation before testifying. However, at no time did appellant object to the municipal court's failure to administer an oath or affirmation to the witnesses.
 {¶ 17} The Supreme Court of Ohio has held that a failure to object to unsworn testimony is an effective waiver of the right to appeal upon that ground. Stores Realty Co. v. Cleveland Bd.of Bldg. Standards and Bldg. Appeals (1975), 41 Ohio St.2d 41. We cannot conclude that appellant was prejudiced by the municipal court's failure to administer oaths of affirmation to the witnesses, and appellant's first assignment of error is without merit.
 {¶ 18} In appellant's second assignment of error, he argues that the municipal court abused its discretion by assuming the role of the prosecutor, as well as the trier of fact. We agree.
 {¶ 19} An abuse of discretion implies that a court's decision was arbitrary, unreasonable or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151. However, in the absence of any showing of prejudice, it is presumed that the trial court acted with impartiality when propounding questions to the witnesses to develop the truth. State v. Baston, 85 Ohio St.3d 418, 426,1999-Ohio-280. See, also, State v. Wade (1978),53 Ohio St.2d 182, paragraph two of the syllabus, (Statements and actions of a trial judge will not justify reversal of a conviction in the absence of prejudice.).
 {¶ 20} In Ohio, a local authority that enacts an ordinance that regulates the standing or parking of vehicles may specify that a violation of that ordinance "shall not be considered a criminal offense for any purpose" and that any "person who commits the violation shall not be arrested * * *. If such a specification is made, the local authority, also by ordinance, resolution, or regulation shall adopt a fine for a violation of the regulatory ordinance * * * and prescribe an additional penalty or penalties for failure to answer any charges of the violation in a timely manner. * * * In no case shall any fine adopted or additional penalty prescribed pursuant to this division exceed one hundred dollars, plus costs and other administrative charges, per violation." R.C. 4521.02.
 {¶ 21} A careful reading of Warren City Ordinance 351.23, and all related ordinances, in no way indicates that Warren City Ordinance 351.23 decriminalizes parking tickets. In fact, Warren City Ordinance 351.99 outlines the penalty for a violation of 351.23. Warren City Ordinance 351.99 specifically states that a violation of 351.23 is a minor misdemeanor. As such, it is apparent that Warren City Ordinance 351.23 does not decriminalize parking tickets. Thus, violations of the ordinance are criminal.
 {¶ 22} Pursuant to Evid.R. 611, a court has discretion to control the flow of trial. According to Evid.R. 614(B), this includes asking questions of the witnesses in an impartial manner in the search for truth. State v. Prokos (1993),91 Ohio App.3d 39,44. A trial court may also call witnesses in the exercise of sound discretion. Evid.R. 614(A); Adams at 157; State v.Pritchard, 8th Dist. No. 78497, 2001 Ohio App. LEXIS 3400, at 11-12. Despite this, the court must never abandon its impartial role or assume the role of an advocate. Prokos at 44.
 {¶ 23} The transcript sub judice reveals neither hide nor hair of the presence or participation of the prosecutor. Thus, the prosecutor never appeared at the trial, and appellee failed to prosecute the matter. It was the court which called and examined appellee's witnesses. In effect, the court prosecuted the entire matter for appellee and simultaneously acted as the trier of fact.
 {¶ 24} The municipal court's relaxed attitude may be attributed to a mistaken understanding that a violation of a parking ordinance was a civil violation. However, even if the ordinance had been decriminalized pursuant to R.C. 4521.02, the municipal court would have been required to follow the administrative procedures outlined by R.C. 4521.08. Following the procedures outlined by R.C. 4521.08, when a municipality decriminalizes parking tickets, an attorney is not required to appear on behalf of the local authority.
 {¶ 25} However, it is clear that this matter involved a criminal violation, as a violation of Warren City Ordinance 351.23 was designated a minor misdemeanor pursuant to Warren City Ordinance 351.99. As such, we must conclude that the municipal judge clearly abandoned his role as a judge by assuming both the role of the prosecution and as the trier of fact. Appellant's second assignment of error is with merit.
 {¶ 26} Double jeopardy is forbidden by both theFifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. See State v. Beasley
(1984), 14 Ohio St.3d 74. Generally, double jeopardy attaches to provide protection against three distinct types of errors in the prosecution of criminal cases: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. United States v. Harper (1989), 490 U.S. 435,440.
 {¶ 27} The lynchpin of double jeopardy jurisprudence is the determination or whether or not jeopardy has attached. Crist v.Bretz (1978), 437 U.S. 28, 36-38, (stating that jeopardy attaches in a jury trial when the jury is empanelled and sworn). See, also, Serfass v. United States (1975), 420 U.S. 377, (stating that jeopardy attaches in a bench trial when the court begins to hear evidence). In the matter sub judice, jeopardy attached when the municipal judge began to hear evidence from the witnesses. See, e.g., Serfass. As such, appellant may not be re-tried for a violation of Warren City Ordinance 351.23.
 {¶ 28} In summary, appellant's first assignment is not well-taken, his second assignment of error is with merit, and his third assignment of error is moot. Because double jeopardy has attached, appellant cannot be re-tried for a violation of Warren City Ordinance 351.23. We hereby reverse the judgment of the municipal court and enter judgment in favor of appellant.
O'Neill, J., Grendell, J., concur.
[1] Appellee also failed to request a continuance or any kind of dismissal.
[2] The record does not indicate for what "CDC" stands. It appears as if CDC is a company hired by appellee to enforce the city's parking ordnances.