[Cite as *State v. Campbell*, 2023-Ohio-2815.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-03-008 |
| | : | O P I N I O N |
| - vs - | | 8/14/2023 |
| | : | |
| NICOLE LYNN CAMPBELL, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2019-CR-00556

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nick Horton, Assistant Prosecuting Attorney, for appellee.

Joshua R. Crousey, for appellant.

**BYRNE, J.**

{¶1}   Nicole Lynn Campbell appeals from a decision of the Clermont County Court of Common Pleas that found her in violation of community control and sentenced her to a prison term. For the reasons discussed below, we reverse and remand for further proceedings.

## I. Procedural and Factual Background

{¶2} In 2019, a Clermont County grand jury indicted Campbell on one count of burglary, a second-degree felony. Campbell subsequently entered a guilty plea to an amended charge of burglary, a third-degree felony.

{¶3} At sentencing, in December 2019, the court imposed a three-year term of community control. At both the sentencing hearing and in the sentencing entry, the court advised Campbell it would order her to serve a 24-month prison term for any basic or specific violation of community control.

{¶4} In September 2020, the Clermont County Probation Department filed an affidavit of violation alleging that Campbell had violated community control by failing to report and for being convicted of a new offense. Campbell admitted to the violations. Prior to sentencing, the probation department filed a supplemental affidavit alleging a conviction for another new offense. The court subsequently found Campbell guilty of the violations alleged but continued her on community control.

{¶5} In July 2021, the Clermont County Probation Department filed an affidavit, and then later a supplemental affidavit, alleging multiple new community control violations. The allegations included failure to report to probation, failure to report for treatment, and positive alcohol screens. Over the course of two hearings, the court found Campbell in violation of community control. At sentencing, in January 2022, the court told Campbell it would let her choose whether to go to prison or to residential treatment. When Campbell failed to respond to the court's offer, the court indicated it would choose for her. The court ordered Campbell to residential treatment, consisting of not more than 180 days at the "MonDay Program."

{¶6} In February 2022, a probation officer transported Campbell to the MonDay Program to begin her court-ordered treatment. On the same day she arrived, MonDay

Program staff discharged Campbell for alleged aggressive and abusive behavior to staff and others. The probation department then filed yet another affidavit of violation, which detailed Campbell's discharge from the MonDay Program.

{¶7} The court held a community control revocation hearing in March 2022. The court discussed the allegations in the newest affidavit of violation. The court then asked Campbell if she was admitting to being discharged from the MonDay Program for aggressive behavior to staff and others. Campbell responded, "No, sir."

{¶8} The court responded by stating that it had been provided a copy of a discharge summary from the MonDay Program and that it would accept and admit that discharge summary into evidence. Without objection by either party, the court admitted the discharge summary as the Court's Exhibit 1.

{¶9} In the discharge summary, which was prepared by a MonDay Program clinician, the clinician provided a written description for Campbell's unsuccessful discharge. This narrative indicated that Campbell was hostile with staff upon entering the program facility and that Campbell had made racist comments to a nurse. The court discussed these facts while reviewing the discharge summary.

{¶10} After admitting the discharge summary into evidence, the court asked Campbell if she wished to testify. Campbell stated that she did not want to testify. Campbell's counsel did not produce any evidence or request to cross-examine any witnesses. The state submitted no evidence.

{¶11} Solely based upon the discharge summary, the court found that Campbell was in violation of the terms of community control. Campbell's attorney argued in her favor with regard to sentencing and asked the court to consider Campbell's addiction issues and to consider sending her to a different treatment program. Instead, the court imposed the original burglary charge's 24-month prison sentence, as it had previously informed

Campbell it would do if she violated community control.

{¶12} Campbell appealed, raising two assignments of error.

## II. Law and Analysis

## A. Assignment of Error No. 1:

{¶13} THE TRIAL COURT ERRED BY RELYING ON AND ADMITTING HEARSAY EVIDENCE IN VIOLATION OF THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶14} Campbell argues that the trial court violated her confrontation rights under the United States Constitution by admitting the discharge summary. She also argues that the admission of the discharge summary violated her right to due process. She contends the discharge summary constituted testimonial hearsay, that the author of the discharge summary did not testify, and that Campbell was therefore unable to confront the witness against her.[1]

{¶15} As a preliminary matter, we must address the appropriate standard of review. A defendant who fails to timely object to a court's alleged due process violation during a community control revocation violation hearing waives all but plain error. *State v. Nallen*, 2d Dist. Miami No. 2012 CA 24, 2013-Ohio-3284, ¶ 18, citing *State v. Foster*, 6th Dist. Lucas Nos. L-06-1126 and L-06-1229, 2007-Ohio-1867, ¶ 12. *Accord State v. English*, 8th Dist. Cuyahoga No. 109645, 2021-Ohio-850, ¶ 10. This remains true when a defendant fails to timely object on Confrontation Clause grounds. *State v. White*, 12th Dist. Warren No. CA2018-09-107, 2019-Ohio-4312, ¶ 24 ("The record reflects that White's objection at trial was based on hearsay and there is no indication that the court understood that White was

---

1. Campbell acknowledges that the admission of the discharge summary did not violate the Rules of Evidence because those rules do not apply in proceedings with respect to community control sanctions. Evid.R. 101(D)(3).

- 4 -

challenging the admission of the recording on the basis of a Confrontation Clause violation. As such, we review the Confrontation Clause issue for plain error"); *State v. Cappadonia*, 12th Dist. Warren No. CA2008-11-138, 2010-Ohio-494, ¶ 29 ("As a result of appellant's failure to specifically object to the admission of the social worker's assessment on Confrontation Clause grounds, we need only determine whether the admission of the assessment constituted plain error on the part of the trial court").

{¶16} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Crim.R. 52(B) places three limitations on a reviewing court's decision to correct an error not raised before the trial court. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). First, an error, "i.e., a deviation from a legal rule," must have occurred. *Id.*, citing *State v. Hill*, 92 Ohio St.3d 191, 200 (2001), in turn citing *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770 (1993). Second, the error complained of must be plain, i.e., it must be "an 'obvious' defect in the * * * proceedings." *Id.*, quoting *State v. Sanders*, 92 Ohio St.3d 245, 257 (2001), in turn citing *State v. Keith*, 79 Ohio St.3d 514, 518 (1997). Third, the error must have affected "substantial rights," that is, the error must have affected the outcome of the trial. *Id.* An appellate court will take notice of plain error with "utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Baldev*, 12th Dist. Butler No. CA2004-05-106, 2005-Ohio-2369, ¶ 12.

{¶17} At the revocation hearing, Campbell did not object to the admission of the discharge summary on Confrontation Clause or any other grounds, so Campbell waived all but plain error. *Nallen* at ¶ 18. On appeal, Campbell argues that the admission of the discharge summary constituted a denial of her due process right of confrontation and cross-examination. Campbell does not explicitly reference the plain error standard of review. However, Campbell argues that the court's procedure resulted in a deprivation of her

constitutional rights and that because the state produced no other evidence of a violation, the error was not harmless, and she suffered prejudice. We find that Campbell's argument is tantamount to a plain error argument, and we therefore find that it is not waived.

**{¶18}** Upon review, we agree that the trial court's procedure at the revocation hearing constituted plain error. We have recognized that community control hearings are not subject to the rules of evidence, therefore allowing for the admission of hearsay evidence. *State v. Schreiber*, 12th Dist. Warren No. CA2018-03-026, 2019-Ohio-2963, ¶ 20. Nonetheless, "[a] defendant is entitled to due process when his or her community control is revoked as a result of a violation of a community control condition." *State v. Noonan*, 12th Dist. Butler Nos. CA2018-10-203 and CA2018-10-204, 2019-Ohio-2960, ¶ 13, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756 (1973). The due process rights that *must* be observed in a community control revocation hearing are,

> (1) written notice of the claimed violations of community control, (2) disclosure of evidence against the offender, (3) an opportunity to be heard in person and to present witnesses and documentary evidence, *(4) the right to confront and cross-examine adverse witnesses, (5) a neutral and detached hearing body*, and (6) a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control.

(Emphasis added.) *Noonan* at *Id.*, citing *State v. Shumway*, 2d Dist. Greene No. 2017-CA-51, 2018-Ohio-1227, ¶ 11; *Columbus v. Bickel*, 77 Ohio App.3d 26, 34 (10th Dist.1991).

**{¶19}** A community control revocation hearing is not a criminal trial, and therefore, the state is not obligated to prove a violation beyond a reasonable doubt. *Schreiber* at ¶ 17. However, the state *is* required to present "substantial evidence" of a violation of community control. *Id.*, citing *State v. Kincer*, 12th Dist. Clermont No. CA2005-07-059, 2006-Ohio-2249, ¶ 5, citing *State v. Hylton*, 75 Ohio App.3d 778, 782 (4th Dist.1991).

**{¶20}** Here, when questioned by the court as to whether she was admitting to the

factual basis of the alleged violation, Campbell responded unequivocally that she denied the allegation. At that time, it should have been plainly evident that the state would be required to introduce evidence substantiating the violation. Instead, what occurred was that the trial court sua sponte produced a discharge summary containing written allegations of the alleged violation. How that document was provided to the court is not developed in the record. The court then indicated it was admitting the discharge summary as its own exhibit. The court then discussed the written allegations and based solely upon its consideration of the contents of the discharge summary, found Campbell in violation of community control.

{¶21} The court's procedure placed it in the role of prosecuting an alleged violation against Campbell. While a court is generally permitted under the Rules of Evidence to question witnesses and even call witnesses in its sound discretion, the court must never abandon its impartial role or assume the role of an advocate. *State v. Hammond*, 12th Dist. Clinton No. 87-11-026, 1988 WL 129474, *3 (Dec. 5, 1988); *City of Warren v. Hill*, 11th Dist. Trumbull No. 2003-T-0069, 2004-Ohio-6946, ¶ 22; *State v. Prokos*, 91 Ohio App.3d 39, 44 (4th Dist. 1993). And though the Rules of Evidence do not apply in revocation proceedings, the defendant remains entitled to "a neutral and detached hearing body." *Noonan*, 2019-Ohio-2960 at ¶ 13.

{¶22} Here, the only evidence produced of a violation was introduced by the court itself. The state produced no evidence whatsoever. "In effect, the court prosecuted the entire matter for [the state] and simultaneously acted as the trier of fact." *City of Warren* at ¶ 23. Moreover, the procedure utilized by the court, i.e., simply reading allegations from a discharge summary, precluded Campbell from confronting and cross-examining the author of the report. Under these circumstances, we must conclude that the court abandoned its role as a neutral and detached factfinder and further deprived Campbell of the right to confront and cross-examine the witnesses against her, both of which she is entitled to

during revocation proceedings as a matter of due process. *Noonan* at ¶ 13.

{¶23} For these reasons, we conclude that the irregular procedure constituted an obvious defect in the proceedings. Furthermore, we conclude the error affected Campbell's substantial rights. As discussed above, the state submitted no evidence at the hearing. Campbell produced no evidence either. Therefore, in the absence of the trial court's consideration of its own exhibit, it could not have found "substantial evidence" of a violation of community control. Accordingly, the error affected the outcome of the proceedings and constituted plain error. *Barnes,* 94 Ohio St.3d at 27.

{¶24} The state cites a somewhat similar case from the Second District Court of Appeals, which it argues demonstrates that plain error did not occur here. In *State v. Pullen-Morrow*, 2d Dist. Montgomery No. 24862, 2012-Ohio-3605, the appellant argued that counsel at her revocation hearing was ineffective for failing to object to testimony from a probation officer regarding the content of a discharge summary from the MonDay Program that the probation officer did not author, as well as for failing to object to the admission of the discharge summary itself. *Id.* at ¶ 1.

{¶25} We find *Pullen-Morrow* distinguishable. In that case, the court did not abandon its role as a neutral factfinder and produce the only evidence of a violation against the defendant. Instead, the state called a witness who testified to the contents of the discharge summary and was subject to cross-examination. *Id.* at ¶ 10-11. And despite concerns with the witness's hearsay testimony, the court of appeals observed that the witness had testified as to a conversation with the defendant that arguably substantiated the violation. *Id.* at ¶ 22. Therefore, the due process concerns discussed in *Pullen-Morrow* were not the same and did not rise to the same level of concern as those occurring here.

{¶26} Based on the foregoing analysis, we sustain Campbell's first assignment of error. We reverse the decision of the trial court finding Campbell in violation of community

control and we remand this matter for a new revocation hearing.

## B. Assignment of Error No. 2:

{¶27} APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶28} In her second assignment of error, Campbell argues that her attorney provided ineffective assistance by failing to object to the admission of the discharge summary. However, given our resolution of Campbell's first assignment of error, this assignment of error is moot and need not be addressed. App.R. 12(A)(1)(c).

## III. Conclusion

{¶29} Campbell has demonstrated plain error in the court's sua sponte admission of the MonDay Program discharge summary. We reverse and vacate the decision finding Campbell in violation of community control. We remand for a new revocation hearing.

{¶30} Judgment reversed and cause remanded.

HENDRICKSON, J., concurs.

PIPER, P.J., concurs separately.

**PIPER, P.J., concurring separately.**

{¶31} I concur with the judgment of my colleagues but find that the proceedings occurred in the manner they did because Campbell's counsel provided little to no representation. Counsel's failure to represent Campbell's interests resulted in the state submitting no evidence or witnesses. Counsel failed to call Campbell to the stand to explain why she believed her discharge from the program was unjustified.

{¶32} When the client longs for a contested hearing and does not believe her community control is rightfully revoked, her protector of a fair process cannot shrink into the stands as a mere spectator. Counsel's commitment to courtroom representation of clients

entails fulfilling the necessary responsibilities undertaken. Even when the battle may seemingly be doomed, presence on the field is required. The lack of that presence results in ineffective representation of counsel.