JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Dexter Woolridge, was charged in an eight count indictment with four counts of rape, each carrying two specifications and a notice of prior conviction, two counts of gross sexual imposition, and two counts of kidnapping, with specifications and a notice of prior conviction.
 {¶ 2} On June 22, 2007, appellant entered pleas of guilty to an amended indictment upon agreement to a total of 15 years in prison. Both the State and appellant agreed to waive their right to a 30-day notice of the mandatory House Bill 180 (sexual predator) hearing. At the conclusion of the plea, the court proceeded to the predator hearing, found appellant to be a sexual predator, and advised him of his obligations under the law. The court likewise advised him of his right to appeal the ruling, and appointed counsel for him.
 {¶ 3} The court then proceeded to sentencing, and imposed the agreed 15 years, the appropriate postrelease control, and added to the agreed sentence the additional term that "[o]n February 1 of each year, the defendant is to serve solitary confinement."
 {¶ 4} Appellant comes before this court with two assignments of error. The first alleges that "the trial court erred in classifying the appellant as a sexual predator when the evidence was inadequate to prove that appellant is likely to engage in the future in one or more sexually oriented offenses," and the second alleges that the trial court erred in ordering appellant to serve solitary confinement once a year *Page 4 
during his incarceration. For the following reasons, we find merit to both allegations of error, and reverse and remand this matter to the trial court.
 {¶ 5} State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202,865 N.E.2d 1264, lays out in detail the considerations endemic to appellate review of a sexual predator finding. First, the State must prove that a sexual offender is a sexual predator by "clear and convincing evidence." R.C. 2950.09(B)(4). In reviewing the evidence presented, an appellate court is to utilize a civil manifest-weight-of-the-evidence standard. That is, the reviewing court has an obligation to presume that the findings of fact of the trier are, in fact, correct. Utilizing that presumption, the reviewing court determines whether the judgment is supported by some competent, credible evidence going to all the essential elements of the case.
 {¶ 6} The review in this matter is quite simple; the State presented no evidence whatsoever. When asked to proceed, the prosecutor stated what he believed the facts of the case to be. He presented no witnesses, no documents, no exhibits, nor any stipulation in support of his position; he merely argued facts not contained in the record. The defense did not stipulate to those "argued facts," and in fact, maintained that some of them were not true. Nonetheless, the transcript reveals that no evidence whatsoever was produced by either side, and that the court entertained argument only on the issue.
 {¶ 7} Ohio Jury Instructions 5.10 defines evidence as follows: "Evidence is all the testimony received from the witnesses (including depositions) (and the exhibits *Page 5 
admitted during the trial) (and the facts agreed to by counsel) (and any facts which the court required you to accept as true.)" Ohio Jury Instructions further at 5.20, "Evidence Excludes," states: "The evidence does not include the pleadings or any statement of counsel made during the trial, unless such statement was an admission or agreement admitting certain facts. The opening statements and the closing arguments of counsel are designed to assist you. They are not evidence."
 {¶ 8} Black's Law Dictionary (5 Ed.Rev. 1979) 498 further describes evidence as: "Any species of proof, or probative matter, legally presented at the trial of an issue, by the act of the parties and through the medium of witnesses, records, documents, exhibits, concrete objects, etc., for the purpose of inducing belief in the minds of the court or jury as to their contention."
 {¶ 9} Insofar as the only presentation made by the State in support of its assertion that appellant was a sexual predator was argument of counsel, we conclude that the State has failed to sustain its burden of proof, and that this matter should be reversed and remanded to the trial court to vacate the finding that appellant is a sexual predator, enter a finding that appellant is a sexually oriented offender, and advise appellant appropriately.
 {¶ 10} The first assignment of error is sustained.
 {¶ 11} We then proceed to the "unagreed to" portion of the agreed sentence, that is, the order that on February 1 of each year, appellant should be placed in solitary confinement. There is no authority in the law for such a punishment, and the *Page 6 
offending portion of this sentence should hence be vacated. State v.Shamaly, Cuyahoga App. No. 88409, ¶ 18, 2007-Ohio-3409; State v.Williams, Cuyahoga App. No. 88737, TJ20-21, 2007-Ohio-5073. The State concedes this point. According to the terms of both Shamaly andWilliams, we need only order vacated that portion of the sentence that is offending, the balance of the sentence being both agreed-to, and not in error, remains valid.
 {¶ 12} The second assignment of error is sustained, and the portion of appellant's sentence ordering solitary confinement is ordered vacated.
 {¶ 13} Reversed and remanded for proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1