JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Arturo Fisher (Fisher), appeals his conviction and his sexual predator designation. After reviewing the parties' arguments and pertinent case law, we affirm.
 {¶ 2} On August 24, 2007, a Cuyahoga County Grand Jury indicted Fisher on one count of kidnapping and one count of rape; each count included a sexually violent predator specification, and kidnapping also included a sexual motivation specification.
 {¶ 3} The facts giving rise to the instant case occurred on October 10, 2006, when the victim, K.D.[1] attended a hearing in the Cleveland Municipal Court regarding a traffic citation. K.D. called Fisher, her ex-boyfriend's older brother, for advice regarding her hearing. K.D. was nineteen years old at the time and Fisher was twenty-seven years old.
 {¶ 4} After the hearing, K.D. met Fisher at a local convenient store to smoke a "Black and Mild" cigar. Thereafter, K.D. and Fisher drove around the Collinwood area together while Fisher sold crack cocaine.
 {¶ 5} As Fisher drove K.D. back to her car, he attempted to unbutton her shirt. K.D. grabbed his hand and pushed it away. Fisher repeatedly offered K.D. liquor. K.D. declined except for once when she took one sip of liquor. *Page 4 
 {¶ 6} Upon arrival to K.D.'s parked car, K.D. realized that Fisher had her car keys. Fisher got out of his car and into K.D.'s car. K.D. yelled at Fisher to give her keys back, however, he refused and drove away.
 {¶ 7} K.D. followed Fisher to Lake Erie Lodge in Euclid, Ohio, driving Fisher's car. K.D. knew that Fisher wanted to have sex with her. Fisher booked a room and told her that she would have to come upstairs with him if she wanted her keys back. K.D. followed him upstairs to get her keys believing that he would honor her "no" regarding sex.
 {¶ 8} K.D. used the restroom in the hotel room. When she exited the bathroom, she again asked Fisher for her keys. Fisher refused to return the keys and began to unbutton K.D.'s shirt. She told Fisher to leave her alone and became scared when he did not. As K.D. was trying to hold her clothes on, Fisher pushed her onto the bed. She told Fisher to stop, but Fisher did not. Fisher attempted to separate her legs and K.D. kept putting them back together. Fisher then pushed her arms back, separated her legs, and put his penis in her vagina. Fisher did not use a condom. K.D. cried and begged him to stop.
 {¶ 9} When Fisher stopped, K.D. went to the bathroom and saw blood from her vagina. She felt dirty, showered at the hotel, and then left.
 {¶ 10} K.D. made an appointment at a family planning clinic for October 16, 2006, where a five-millimeter tear in K.D.'s vagina was discovered. When *Page 5 
the pain did not subside, K.D. made an additional appointment and was diagnosed with herpes.
 {¶ 11} Initially, K.D. did not tell anyone what happened because she was embarrassed, however, she eventually told her mother.
 {¶ 12} On November 28, 2007, the case proceeded to a jury trial. Fisher motioned for acquittal pursuant to Crim. R. 29, which was denied by the trial court.
 {¶ 13} On November 30, 2007, Fisher waived his right to a jury trial as it pertains to the sexually violent predator specification. On the same day, the jury found Fisher not guilty of kidnapping and guilty of rape.
 {¶ 14} On December 11, 2007, the trial court conducted a hearing and found Fisher guilty of the sexually violent predator specification.
 {¶ 15} On January 9, 2008, the trial court sentenced Fisher to ten years to life imprisonment.
 {¶ 16} Fisher appeals and asserts ten assignments of error for our review. Fisher's first two assignments of error present evidentiary issues. As it pertains to evidentiary issues, "[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, at paragraph two of the syllabus. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's *Page 6 
attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
ASSIGNMENT OF ERROR NUMBER ONE "Defendant was denied due process of law and a fair trial when the court allowed Det. Russell Kucinski to testify concerning irrelevant matters and attesting to the credibility of the complaint."
 {¶ 17} Fisher argues that the trial court erred when it admitted testimony from Detective Kucinski (Kucinski) pertaining to irrelevant matters and also attesting to the credibility of the complaint.
 {¶ 18} To be admissible, evidence must be relevant. "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. R. 401.
 {¶ 19} Furthermore, even when relevant, testimony is not admissible if its prejudicial effect outweighs it probative value.
 "(A) Exclusion mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
 "(B) Exclusion discretionary. Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." Evid. R. 403.
 {¶ 20} The testimony that Fisher challenges was elicited from Kucinski, the detective who investigated the matter, as follows: He looks for consistency of *Page 7 
statements asserted by alleged victims in rape cases. (Tr. 318.) It is not uncommon for rape victims to come forward at a later date. (Tr. 318-19.) He verified that Fisher rented a room on October 10, 2006, at the Lake Erie Lodge. (Tr. 320.) He verified that K.D. sought medical treatment, that the medical report alleged rape by an acquaintance, and K.D. sustained a five-millimeter vaginal tear and contracted herpes. (Tr. 320.) That this is not his first case in which a victim contracted a sexually transmitted disease. (Tr. 320.) That during the course of an investigation, an offender can be tested for herpes when the person is known to be active, objection sustained. (Tr. 321-322.) How an offender is tested for sexually transmitted diseases during the course of an investigation, objection sustained. (Tr. 321.) That K.D. made a positive identification of Fisher. (Tr. 322.) And lastly, that herpes is in remission for parts of the year. (Tr. 326.)
 {¶ 21} Fisher argues that the aforementioned testimony is incompetent because Kucinski is not a medical doctor and lacks medical expertise. However, a review of the testimony reveals that Kucinski was merely relating to the jury how he investigated the case. When his testimony pertained to medical issues, beyond the scope of his capacity as an investigator, the trial court sustained Fisher's objections. Therefore, Kucinski's testimony is not only relevant but does not subject Fisher to any unfair prejudice.
 {¶ 22} Fisher's first assignment of error is overruled. *Page 8 
ASSIGNMENT OF ERROR NUMBER TWO "Defendant was denied due process of law when irrelevant and inflammatory evidence concerning selling drugs was offered."
 {¶ 23} Fisher argues that the trial court erred in admitting evidence of his sale of drugs on October 10, 2006.
 {¶ 24} "In a criminal case in which a defendant-appellant alleges that it was reversible error to allow the trier of fact to hear certain testimony, the reviewing court must first determine if it was error to allow the trier of fact to hear the testimony and, if so, whether such error was prejudicial or harmless." State v. Benton, Cuyahoga App. No. 82810, 2004-Ohio-3116.
 {¶ 25} According to Crim. R. 52(A), "[a]ny error, defect, irregularity, or
variance which does not affect substantial rights shall be disregarded."
 "In order to find an error harmless, a reviewing court must be able to declare a belief that the error was harmless beyond a reasonable doubt. A reviewing court may overlook an error where the admissible evidence comprises `overwhelming' proof of a defendant's guilt. `Where there is no reasonable possibility that unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal.'" State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666. (Internal citations omitted.)
 {¶ 26} Evid. R. 404(B) pertains to other crimes, wrongs, or acts and reads as follows:
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in *Page 9 conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 27} "The principle underlying Evid. R. 404(B) is that evidence of other acts is simply so prejudicial that to allow it in outweighs its value as relevant evidence." State v. Prokos (1993), 91 Ohio App.3d 39.
 "Prosecution evidence that a defendant has committed other crimes, wrongs or acts independent of the offense for which he is on trial is not generally admissible to demonstrate that the defendant has a propensity for crime or that his character is in conformity with the other acts." State v. Mann (1985), 19 Ohio St.3d 34.
 {¶ 28} The challenged testimony, elicited from K.D., reads as follows:
 "Q. You said he was taking care of things while you were driving around?
 A. Yes.
 Q. Describe what you mean by that.
 A. He was selling drugs.
 Q. Explain what you mean by that.
 A. Stopping to people he knew and selling them crack cocaine.
 Q. Hold on a second. How was he selling drugs in this manner you are describing? What would happen?
 A. They would come up to the car.
 Q. Stop the car somewhere? *Page 10 
 A. Yes.
 Q. What would happen?
 A. Either they would come up to the car or he would get out of the car.
 Q. And what area were these stops made?
 A. In the same area, off London Road and Euclid Avenue.
 Q. The Collinwood area you described?
 A. Yes.
 Q. He was making stops?
 A. Yes.
 Q. Residential streets?
 A. Yes.
 Q. Were these industrial streets?
 A. No.
 Q. These were outside, people's houses?
 A. Yes.
 Q. Were there any signals that went on?
 A. What do you mean?
 Q. How would he know where to stop?
 A. They called his phone.
 Q. He was taking calls that day? *Page 11 
 A. Yes.
 Q. And you overheard him talking on the phone?
 A. Yes.
 Q. Had you ever ridden around with a drug dealer before?
 A. In the past, yes.
 Q. On this particular occasion, did this present any concern to you that you were riding around with somebody who was selling drugs?
 A. Yes.
 Q. What concern did you have?
 A. Because I just became an LPN. And if I got stopped for that, they could take my license away.
 Q. But you just risked that?
 A. Yes.
 Q. How many stops would you say were made?
 A. I'd say around fifteen." (Tr. 215-18.)
 {¶ 29} In the case sub judice, there is overwhelming proof of Fisher's guilt, and thus, admission of the aforementioned testimony is harmless.
 {¶ 30} Fisher's second assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER THREE "Defendant was denied a fair trial when the Prosecutor commented that defendant did not testify." *Page 12 
 {¶ 31} Fisher argues that the trial court erred in admitting a comment by the prosecution during closing argument regarding Fisher's failure to testify. Specifically, Fisher challenges the following portion of the prosecution's closing argument: "Not one piece of evidence, testimony that goes against what she [K.D.] has put forward." (Tr. 351.)
 {¶ 32} However, Fisher did not object to this testimony at trial, and in the absence of objection, any error is considered waived save for plain error: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim. R. 52(B).
 {¶ 33} "To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection." State v. Smith, Cuyahoga App. No. 88371, 2008-Ohio-3657.
 {¶ 34} Generally, prosecutors are entitled to considerable latitude in opening and closing arguments. State v. Ballew (1996),76 Ohio St.3d 244. In closing argument, a prosecutor may comment freely on "what the evidence has shown and what reasonable inferences may be drawn therefrom." State v. Lott (1990), 51 Ohio St.3d 160. "Moreover, because isolated incidents of prosecutorial misconduct are harmless, the closing argument must be viewed in its entirety to determine whether the defendant has been prejudiced." State v. Stevens, Montgomery App. No. 19572, 2003-Ohio-6249; Ballew, supra. *Page 13 
 {¶ 35} "A helpful test in determining whether the *** comment improperly indicated that the defendant failed to testify on his own behalf at trial is to determine `* * * whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.'" State v. Cooper (1977), 52 Ohio St.2d 163, quotingKnowles v. United States (C.A. 10, 1955), 224 F.2d 168, 170.
 {¶ 36} Fisher cites to Lent v. Wells (C.A. 6, 1988), 861 F.2d 972, in support of his contention that a direct reference by prosecution regarding a defendant's failure to testify violates the privilege against compelled self-incrimination. However, in applying the law to the facts of this case, we find that the prosecutor's comment does not appear to allude to Fisher's failure to testify. As such, the prosecution's comment is not manifestly intended as a comment on Fisher's silence pursuant to Cooper and is not a direct reference to Fisher's failure to testify pursuant to Lent. Thus, we cannot find that the challenged portion of the prosecution's closing argument constitutes plain error.
 {¶ 37} Fisher's third assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER FOUR "Defendant was denied a fair trial by reason of improper comments by the prosecutor urging the conviction based on passion and prejudice." *Page 14 
 {¶ 38} Fisher also argues that the prosecution made other improper comments during trial. Specifically, Fisher argues that the prosecution's comment "[d]on't reward him," said several times during closing argument, were calculated to incite the passions and prejudices of the jurors and were thus improper.
 {¶ 39} According to the Supreme Court of Ohio: "In general terms, the conduct of a prosecuting attorney during trial cannot be made a ground of error unless that conduct deprives the defendant of a fair trial."State v. Maurer (1984), 15 Ohio St.3d 239.
 {¶ 40} "Therefore, a defendant shall be entitled to a new trial only when a prosecutor makes improper remarks and those remarks substantially prejudice the defendant." State v. Green, Cuyahoga App. No. 90473,2008-Ohio-4452, citing State v. Tibbetts, 92 Ohio St. 3d 146,2001-Ohio-132; see, also, State v. Smith (1984), 14 Ohio St.3d 13.
 {¶ 41} Fisher fails to demonstrate how the prosecution's remarks substantially prejudiced him. Rather, the comments draw reasonable inferences from the evidence presented; namely: that Fisher booked a hotel room and took advantage of his brother's relationship with K.D. in order to get close to her, that Fisher caused a five-millimeter tear in K.D.'s vagina, and that Fisher caused K.D. embarrassment and shame. *Page 15 
 {¶ 42} Thus, we cannot find that the prosecution's comments caused Fisher substantial prejudice.
 {¶ 43} Fisher's fourth assignment of error is overruled. ASSIGNMENT OF ERROR NUMBER FIVE
 "Defendant was denied due process of law when the court overruled defendant's motion for judgment of acquittal."
 {¶ 44} Fisher argues that the trial court erred when it denied his Crim. R. 29 motion for acquittal for rape.
 {¶ 45} Crim. R. 29(A), which governs motions for acquittal, states:
 "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 46} Furthermore, in reviewing the sufficiency of the evidence, we held:
 "A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. In reviewing for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. The relevant inquiry is whether, after viewing the evidence *Page 16 in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The motion `should be granted only where reasonable minds could not fail to find reasonable doubt.'" State v. McDuffie, Cuyahoga App. No. 88662, 2007-Ohio-3421, quoting State v. Apanovich (1987), 33 Ohio St.3d 19, 23. (Internal citations omitted.)
 {¶ 47} Rape, as charged, reads as follows: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." R.C. 2907.02(A)(2).
 {¶ 48} Fisher and K.D. engaged in sexual conduct as defined in R.C. 2907.01(A):
 "`Sexual conduct' means vaginal intercourse between a male and female ***; and, without privilege to do so, the insertion, however slight, of any part of the body *** into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
 {¶ 49} The prosecution asked K.D., "What did he put inside your vagina?" (Tr. 240.) K.D. responded, "His penis." (Tr. 240.)
 {¶ 50} Furthermore, pursuant to R.C. 2907.02(A)(2), Fisher purposely compelled K.D. to submit by force. K.D. testified as follows: "I asked him to stop *Page 17 
and he didn't stop." (Tr. 238.) "He pushed me backwards on the bed." (Tr. 238.) "He was trying to separate my legs, but I was trying to slide them back together. When he got them apart, I pulled my left leg over the top of his head to put my legs back together again." (Tr. 238.) "He pushed my arms back, got my knees open and penetrated." (Tr. 238.) "I was crying. I was begging him, please stop." (Tr. 240.) K.D. also sustained a five-millimeter tear in her vagina. Thus, the evidence reveals that Fisher purposely compelled K.D. to submit by force.
 {¶ 51} Moreover, after viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could find the essential elements of rape proven beyond a reasonable doubt.
 {¶ 52} Fisher's fifth assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER SIX "Defendant was denied effective assistance of counsel."
 {¶ 53} Fisher argues that he was denied effective assistance of counsel for six reasons: counsel permitted the introduction of hearsay statements and improper evidence; counsel failed to object to Kucinski's testimony regarding his investigation; counsel failed to file a motion regarding Fisher's speedy trial rights; counsel failed to investigate and subpoena witnesses; counsel failed to obtain medical records pertaining to K.D.'s vaginal tear and the herpes diagnosis; and lastly, counsel failed *Page 18 
to object to improper arguments asserted by the prosecution during closing arguments.
 {¶ 54} In order to prevail on an ineffective assistance of counsel claim, Fisher must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced defendant, depriving him of a fair trial. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052.
 "Counsel's performance may be found to be deficient if counsel `made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Strickland at 689. To establish prejudice, `the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.'" State v. Guyton, Cuyahoga App. No. 88423, 2007-Ohio-2513, quoting State v. Bradley (1989), 42 Ohio St.3d 136, 143.
 {¶ 55} However, we must give a strong presumption in favor of counsel's effective representation; specifically, whether or not counsel's representation "falls within the wide range of reasonable professional assistance." Strickland, syllabus at 2(a).
 {¶ 56} Fisher's arguments as to Kucinski's testimony and the prosecution's closing arguments are moot in light of our ruling on his first, third, and fourth assignments of error.
 {¶ 57} Regarding Fisher's remaining arguments that he was denied effective assistance of counsel, Fisher fails to demonstrate how his counsel's performance deprived him of a fair trial. See App. R. 16(A)(7).
 {¶ 58} Fisher's sixth assignment of error is overruled. *Page 19 
 {¶ 59} In the interest of judicial economy, we address Fisher's seventh, eighth, ninth, and tenth assignments of error together.
ASSIGNMENT OF ERROR NUMBER SEVEN "Defendant was denied due process of law when he was found to be a sexually violent predator without any sworn testimony."
ASSIGNMENT OF ERROR NUMBER EIGHT "Defendant was denied due process of law when the court heard, without a jury, the issue whether defendant was a sexually violent predator."
ASSIGNMENT OF ERROR NUMBER NINE "Defendant was denied due process of law when he was convicted of being a sexually violent predator."
ASSIGNMENT OF ERROR NUMBER TEN "Defendant was denied due process of law when the court found defendant to be a sexually violent predator without noting the quantum of proof."
 {¶ 60} Fisher argues that he was denied due process of law at the sexually violent predator hearing for the following reasons: The trial court found him to be a sexually violent predator without any sworn testimony; the trial court heard, without a jury, the issue of whether he was sexually violent predator; Fisher was convicted of being a sexually violent predator; and lastly, the trial *Page 20 
court failed to identify the quantum of proof applied to his sexually violent predator specification.
 {¶ 61} Fisher cites to State v. Woolridge, Cuyahoga App. No. 90113,2008-Ohio-3066, in his support of his argument that the trial court erred when it found him to be a sexually violent predator without any sworn testimony. However, Fisher's argument fails because the prosecution incorporated, without objection, the trial transcript. (Tr. 410.) The trial court also indicated that it sat through trial, heard all of the testimony, and reviewed the exhibits. (Tr. 410.) Therefore, the case sub judice is distinguishable from Woolridge in which the prosecution failed to present any evidence whatsoever.
 {¶ 62} Further, regarding Fisher's argument that his jury waiver was not valid because it was not filed prior to commencement of trial must also fail. Fisher signed a jury waiver regarding the sexually violent predator specification on November 30, 2007, after the jury reached its verdicts for rape and kidnapping.
 {¶ 63} R.C. 2971.02(A) allows for a trial to the bench and reads, in part:
 "In any case in which a sexually violent predator specification is included in the indictment, count in the indictment, or information charging a violent sex offense or a designated homicide, assault, or kidnapping offense and in which the defendant is tried by a jury, the defendant may elect to have the court instead of the jury determine the sexually violent predator specification." *Page 21 
 {¶ 64} Moreover, the Supreme Court of Ohio held that strict compliance with R.C. 2945.05 is not required for prior conviction specifications.State v. Nagel (1999), 84 Ohio St.3d 280. We applied the same rationale to sexually violent predator specifications in State v. Oldham (May 13, 1999), Cuyahoga App. No. 73644.
 {¶ 65} Thus, Fisher's argument that his jury waiver was not valid because it was not filed prior to commencement of trial must fail because election under R.C. 2971.02 does not require a signed written jury waiver filed as part of the record. See Nagel; see, also,Oldham; State v. Napier (1999), 1st Dist. No. C-980999.
 {¶ 66} Fisher's next argument, that he was denied due process of law when convicted of being a sexually violent predator because the trial court failed to make requisite determinations pursuant to R.C. 2971.01(H)(2), must fail. A review of the record demonstrates that Fisher made no request for findings of the trial court and, thus, waived this challenge for purposes of appeal. "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Williams (1977), 51 Ohio St.2d 112.
 {¶ 67} Fisher's final due process argument that the trial court failed to apply the proper quantum of proof must also fail. "A sexually violent predator *Page 22 
specification is a criminal charge ***. It requires proof beyond a reasonable doubt." State v. Jones (2001), 93 Ohio St.3d 391. A review of the record reveals that the trial court applied the requisite standard of proof. (Tr. 414.) Fisher does not demonstrate otherwise and, thus, his argument fails.
 {¶ 68} Fisher's seventh, eighth, ninth and tenth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR
[1] The victim is referred to herein by initials in accordance with this court's policy regarding non-disclosure of the identities of victims of sexual violence. *Page 1