JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Jerome Lee, brings this appeal challenging the trial court's decision to classify him as a sexual predator. After a thorough review of the record, and for the reasons set forth below, we affirm in part, and reverse and remand in part.
 {¶ 2} On January 25, 1996, a Cuyahoga County Grand Jury indicted appellant on three counts of rape and three counts of felonious penetration. On April 29, 1996, appellant pleaded guilty to one count of rape without the age specification, in violation of R.C. 2907.02, a first-degree felony. The remaining five counts were nolled. The trial court sentenced him to an indefinite prison term of six to 25 years.
 {¶ 3} In April 2000, the trial court held a sex offender classification hearing, pursuant to H.B. 180. At the hearing, the state argued that appellant should be classified a sexual predator due to the victim's age; appellant's criminal history; the number of times appellant abused the victim; and the fact that appellant had threatened the victim if she told anyone what he was doing. The state did not present any fact witnesses, psychological evaluations, or expert testimony. Appellant presented evidence that he had successfully completed sex offender treatment programs in prison. *Page 4 
 {¶ 4} At the conclusion of the hearing, the trial court stated that it would hold a subsequent hearing on April 18, 2000, at which time it would announce its decision. The trial court did not hold any further hearings on the matter and instead issued its classification decision by journal entry dated July 10, 2001, over one year later. The court's decision stated: "*** Upon receipt of a recommendation from the Department of Corrections and Rehabilitation that the defendant be adjudicated as a sexual predator, the court proceeded to a hearing in the manner set forth in R.C. 2950.09(B)(1). Upon consideration of the factors set forth in R.C. 2950.09(B) (2) and the evidence presented herein, the court finds that defendant is a sexually oriented offender by reason of his conviction for a sexually oriented offense and does find by clear and convincing evidence that the defendant is likely to engage in the future in one or more sexually oriented offenses. Pursuant to R.C. 2950.09(C), the court therefore determines and adjudicates that the defendant is a sexual predator ***."
 Review and Analysis {¶ 5} Appellant raises three assignments of error for our review. For ease of discussion, we discuss his third assignment of error first.
 {¶ 6} "III. R.C. 2950.01 et seq., as amended by Senate Bill 5 and as applied to appellant, violates the prohibition on ex post facto and retroactive legislation as established by Article I, Section 10 of the United States Constitution and Article II, Section 28 of the Ohio Constitution." *Page 5 
 {¶ 7} In his third assignment of error, appellant argues that S.B. 5 is unconstitutional as applied to him because his criminal conduct and conviction occurred before its effective date. We reject appellant's argument based on the holding in State v. Ferguson, 120 Ohio St.3d 7,2008-Ohio-4824, 896 N.E.2d 110.
 {¶ 8} In Ferguson, the Ohio Supreme Court held that S.B. 5 does not violate the retroactivity clause of the Ohio Constitution. Id. at 16. The Court also held that because R.C. 2950 is a civil, remedial statute, it cannot be deemed unconstitutional on ex post facto grounds. Id. at 17.
 {¶ 9} While appellant acknowledges the controlling effect ofFerguson on his argument, he seeks to preserve the issue for appeal. Nonetheless, appellant's third assignment of error is overruled.
 {¶ 10} "I. The trial court failed to conduct an adequate classification hearing as required by State v. Eppinger (2001),91 Ohio St.3d 158 and in violation of appellant's state and federal due process rights."
 {¶ 11} "II. The trial court's decision to classify appellant as a sexual predator was against the manifest weight of the evidence."
 {¶ 12} In his first two assignments of error, appellant argues not only that the sexual predator classification hearing was inadequate, but that there was insufficient evidence before the trial court to classify him as a sexual predator.
 {¶ 13} We agree with appellant that there was insufficient evidence to classify him a sexual predator. *Page 6 
 {¶ 14} The ruling in State v. Woolridge, Cuyahoga App. No. 90113,2008-Ohio-3066, is directly on point. In Woolridge, the state failed to present anything other than argument at the sexual predator classification hearing. This court held that "[i]nsofar as the only presentation made by the state in support of its assertion that appellant was a sexual predator was argument of counsel, we conclude that the state has failed to sustain its burden of proof, and that this matter should be reversed and remanded to the trial court to vacate the finding that appellant is a sexual predator, enter a finding that appellant is a sexually oriented offender, and advise appellant appropriately." Id.
 {¶ 15} Likewise, in the case before us now, there was insufficient evidence presented by the state upon which the trial court could classify appellant a sexual predator. Appellant's second assignment of error is sustained. We hereby reverse appellant's classification as a sexual predator. In so doing, we find appellant's first assignment of error moot.
 {¶ 16} Judgment affirmed in part, reversed in part, and remanded to the lower court to vacate the finding that appellant is a sexual predator, enter a finding that appellant is a sexually oriented offender, and advise appellant accordingly.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., and MELODY J. STEWART, J., CONCUR. *Page 1