[Cite as *State v. Boyce*, 2018-Ohio-168.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105532**

---

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## ANTHONY BOYCE

DEFENDANT-APPELLEE

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-91-270594-ZA

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 18, 2018

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Daniel T. Van
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Mark A. Stanton
Cuyahoga County Public Defender
By: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant, the state of Ohio, appeals from the order of the trial court finding appellee, Anthony Boyce, to be a sexually oriented offender. The trial court's order was entered on February 2, 2017, upon remand from *State v. Boyce*, 8th Dist. Cuyahoga No. 73375, 1999 Ohio App. LEXIS 900 (Mar. 11, 1999) (hereafter "*Boyce* I"). Upon review, we reverse the trial court's determination and remand the matter for a sexual offender classification hearing to be conducted in accordance with former R.C. 2950.09 and *State v. Eppinger*, 91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881.

**{¶2}** The initial proceedings in this matter were summarized in *Boyce* I as follows:

> Defendant was indicted on August 20, 1991 in CR-270594 for two counts of rape of a child under the age of 13 years old (R.C. 2907.02) and one count of kidnaping (R.C. 2905.01).

> Following a plea bargain [which occurred mid-trial] on October 16, 1991, defendant pled guilty to one count of rape for which he was sentenced to five to twenty-five years incarceration, with five years actual incarceration.

> Following enactment of H.B. 180, on September 18, 1997, the defendant was returned to the Common Pleas Court for a sexual predator hearing pursuant to the new Act. Defendant was represented by assigned counsel who filed a motion to dismiss the proceedings on the grounds that H.B. 180 was unconstitutional as an ex post facto or retroactive law. These motions were denied by the trial court. (Tr. 3.)

> The factors the trial court took into account in its sexual predator determination were enumerated below as follows:
> "The fact of the matter is the Court is going to take Judicial notice of the facts in case number 270594, of all the Journal Entries that are attached to the request from the Department of Rehabilitation and Corrections, and as appears in this Court's own docket, on that case number, to commence with the fact that you were arrested in August of 1991, and, subsequently disposed of this case, after a mistrial, by way of a plea of guilty to a Rape

Charge that was amended to delete the age of the victim. I'm going to incorporate, by reference, the trial transcript to the extent that we had it prior to it being aborted with the plea in this case. I'm, likewise, going to incorporate, by reference, the Sentencing Hearing that this Court conducted in conjunction with this case, on the day I sentenced you back on October [16], 1991. Is there anything else that the State would like the Court to either notice or put in the record before we hear from the defendant?

"MR. VODRAY: Simply to inform the Court that [S.P.] was eleven-years-old at the time of the offense. Thank you, your Honor."

(Tr. 3-4.)

The Court then determined that defendant was a sexual predator and informed the defendant what his obligations would be upon his release from prison.

*Boyce* I at 1-3 (citations above to "Tr." refer to the transcript of the sexual offender classification hearing).

{¶3} On appeal of the sexual predator determination, the panel in *Boyce* I determined as follows:

In the case herein, it may be argued that the trial court relied on the defendant's old conviction data by incorporating its memory of the record from the defendant's partial trial and the sentencing hearing. However, this Court on appeal has no access to the information that the trial judge, who was also the sitting judge in those prior proceedings, was able to recall. No record was transcribed of those proceedings since the defendant never filed a direct appeal from his guilty plea. Therefore, since the trial court did not specify or even intimate what factors at the hearings supported its finding that defendant was a sexual predator, consistent with [*State v. Ward*, 130 Ohio App.3d 551, 720 N.E.2d 603 (8th Dist.1999)], we cannot find the present record supports the conclusion that defendant is a sexual predator by clear and convincing evidence. Accordingly, we will remand the case for further consideration of "all parts of the record available to the court" including the untranscribed hearings. [*Id*. at 562].

Assignment of Error III is sustained. Remanded for further consideration of the record *in toto*.

*Boyce* I at 10.

**{¶4}** Thus, in *Boyce* I, because the trial court's sexual predator determination was inadequate for review, the panel reversed the sexual predator determination and remanded the matter "for further consideration of the record *in toto*." *Id*. The remand issued in *Boyce* I was consistent with the result reached in *Ward*. In *Ward*, the court of appeals found that the trial court had erred by determining the defendant should be classified as a sexual predator when it solely relied on facts arising from the underlying sexual offense and failed to consider other relevant information bearing on the sexual predator determination. *Id*. at 562. The *Ward* decision cited to *State v. Wilson*, 1st Dist. Hamilton No. C-970880, 1998 Ohio App. LEXIS 4194 (Sept. 11, 1998), and indicated that the First District had considered a similar case and had remanded the case "for further consideration of 'all parts of the record then available [to the court.]'" *Ward* at 562, quoting *Wilson* at 13. In making this statement in *Wilson*, the First District was recognizing that a trial court has a duty to examine the entire record, and that "had the court below examined all parts of the record then available to it, * * * the requirements of R.C. 2950.09 might have been met." *Wilson* at 13. After the court in *Wilson* determined the trial court had committed reversible error by failing to examine the entire available record in conformance with former R.C. 2950.09, the court reversed the sexual predator determination and remanded the matter "for consideration of the record *in toto*

and for other proceedings in accordance with the law." *Id*. Likewise, the court in *Ward* remanded the matter "for further consideration of the record *in toto*."

{¶5} Though appellant makes much of the reference to "all parts of the record then available," in both *Ward* and *Wilson*, after determining the trial court had committed reversible error by failing to examine the entire available record, the appellate court reversed the sexual predator determination and remanded the matter "for consideration of the record *in toto*" and for further proceedings. *Ward* at 562-563, 576; *Wilson* at 12-13. Neither case limited the evidence available for the trial court's consideration upon remand or the parties' ability to supplement the record. Rather, both cases found the trial court failed to properly adjudicate a defendant as a sexual predator based on the statutory criteria in former R.C. 2950.09 and recognized the duty of a trial court to consider all available evidence relevant to a sexual predator determination.[1]

{¶6} Upon remand from *Boyce* I, the trial court issued an order on June 3, 1999, instructing the Ohio Department of Rehabilitation and Correction to notify the court 120 days prior to the actual release of Boyce and to make a labeling recommendation at that time, and indicating that upon the notification, "this court will order defendant returned for a proper sexual predator hearing with full consideration of all factors enumerated in R.C. 2950.09(B)(2), including completion of institutional programs for sexual offenders." Former R.C. 2950.09(C)(1) required that the Ohio Department of Rehabilitation and Correction determine whether to recommend that certain sexually oriented offenders

---

[1] Accordingly, our decision herein is not in conflict with the decision in *Ward*.

should be adjudicated a sexual predator and that if it decides to do so, it must send the recommendation "to the court that sentenced the offender."

**{¶7}** The matter eventually was set for hearing nearly 15 years later, on February 2, 2017, before a successor judge who did not preside over the initial proceedings. Prior to the hearing, Boyce filed a motion to limit consideration of the record with respect to his sexual offender classification to those matters that were available to the court on September 18, 1997. The state filed a brief in opposition to the motion and objected to Boyce's attempt to limit the evidence and exclude the state from introducing the institutional records and the court's psychiatric clinic report. The trial court granted Boyce's motion.

**{¶8}** At the hearing, the judge indicated that the matter was remanded for further consideration of the record in total and that its review would be limited to the information that was available at the time of the original classification hearing. The judge recognized that "there was no transcript of the [partial] trial transcribed" and that the court had "next to nothing to determine what [the] classification should be." The state indicated on the record that it had made an objection to Boyce's motion, proffered the records and report for purposes of appellate review, and acknowledged it was unable to prove by clear and convincing evidence that Boyce was likely to reoffend. As the state explained, "the only record we really have, again, when this original sexual predator hearing occurred was an indication on the record that the victim was young." The trial court proceeded to find Boyce to be a sexually oriented offender.

{¶9} On appeal from the trial court's decision, the state raises two assignments of error for our review. Under its first assignment of error, the state challenges the trial court's determination that Boyce was not a sexual predator, arguing that the trial court erred by limiting its consideration of relevant information and failing to conduct a hearing in accordance with R.C. 2950.09 and *Eppinger*, 91 Ohio St.3d 158, 743 N.E.2d 881. Under the second assignment of error, the state claims the trial court erred in granting Boyce's motion to limit consideration of the record. We find merit to the assigned errors.

{¶10} Absent extraordinary circumstances, such as an intervening decision by the Supreme Court of Ohio, a trial court has no discretion to disregard the mandate given by an appellate court in a prior appeal in the same case. *Nolan v. Nolan*, 11 Ohio St.3d 1, 5, 462 N.E.2d 410 (1984). In *Boyce* I, this court reversed the trial court's sexual predator determination and the matter was remanded to the trial court "for further consideration of the record *in toto*." *Boyce* I, 8th Dist. Cuyahoga No. 73375, 1999 Ohio App. LEXIS 900, at 10. The mandate given did not limit the trial court to the record as it existed in 1997, nor did it limit the trial court's ability to conduct further proceedings. Since the initial sexual predator determination had been reversed, another hearing was not precluded by res judicata. *See State v. Lowe*, 8th Dist. Cuyahoga No. 82893, 2004-Ohio-367, ¶ 13-16. In fact, in order to comply with the mandate in *Boyce* I, it was essential for the trial court to conduct a classification hearing and determine Boyce's sexual predator status in accordance with the applicable law.

**{¶11}** Former R.C. Chapter 2950, known as "Megan's Law," created three classifications for sexual offenders: sexually oriented offender, habitual sex offender, and sexual predator. Former R.C. 2950.01(E) defined a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making a sexual predator determination, the trial court was required to consider all relevant factors, including, but not limited to the factors listed in former R.C. 2950.09(B)(2):

(a) The offender's age;

(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

(g) Any mental illness or mental disability of the offender;

(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

(j) Any additional behavioral characteristics that contribute to the offender's

conduct.

A trial court's sexual predator determination is required to be based on clear and convincing evidence.   Former R.C. 2950.09(B)(3).

{¶12} In *Eppinger*, 91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881, the Supreme Court of Ohio set forth the model procedure for a classification hearing as follows:

> In a model sexual offender classification hearing, there are essentially three objectives.  First, it is critical that a record be created for review.  Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses.  If the conviction is old, as in this case, the state may need to introduce a portion of the actual trial record; if the case was recently tried, the same trial court may not need to actually review the record.  In either case, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.

> Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself.  While providing an expert at state expense is within the discretion of the trial court, the lack of other criteria to assist in predicting the future behavior of the offender weighs heavily in favor of granting such a request.

Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. *See State v. Thompson*, [140 Ohio App.3d 638, 748 N.E.2d 1144 (8th Dist.1999)]. *See, also, State v. Russell*, 1999 Ohio App. LEXIS 1579 (Apr. 8, 1999), Cuyahoga App. No. 73237, unreported, 1999 WL 195657; *State v. Casper*, 1999 Ohio App. LEXIS 2617 (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063, unreported, 1999 WL 380437.

*Eppinger* at 166. The standards suggested in *Eppinger* for trial courts to follow were designed to "aid the appellate courts in reviewing the evidence on appeal and ensur[ing] a fair and complete hearing for the offender." *Id.* at 167.

{¶13} Upon review, we find that the mandate in *Boyce* I did not limit the record for the trial court's review and that the trial court erred by failing to conduct a complete hearing and by failing to consider all available evidence in rendering its determination. Upon remand, the trial court shall conduct a proper sexual offender classification hearing in accordance with *Eppinger* and with full consideration of all factors enumerated in former R.C. 2950.09(B)(2).

{¶14} Judgment reversed; case remanded for hearing.

It is ordered that appellant recover from appellee costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR