[Cite as *State v. Lugo*, 2018-Ohio-2842.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106219

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### ISRAEL D. LUGO

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-610725-B and CR-17-614446-A

**BEFORE:** S. Gallagher, J., E.A. Gallagher, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 19, 2018

**ATTORNEY FOR APPELLANT**

Erin R. Flanagan
Erin R. Flanagan, Esq., Ltd.
75 Public Square, Suite 920
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Denise J. Salerno
          Daniel T. Van
Assistant Prosecuting Attorneys
Justice Center — 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Israel Lugo appeals his being classified as a sexual predator under the version of R.C. 2950.09 in effect at the time of the offense. He appeals no other aspect of his convictions for rape and the unrelated vehicular manslaughter.

**{¶2}** According to the prosecutor, in 2004, the victim blacked out from her voluntary, but excessive, consumption of alcohol or drugs. She awoke in the backseat of her locked car the next morning wearing nothing but a sweatshirt. A condom wrapper was found on the floorboard. Unable to recall the events of the previous evening, the victim immediately sought medical attention, during which time DNA evidence was preserved.

**{¶3}** The DNA was eventually tested, and Lugo was identified.

**{¶4}** Lugo pleaded guilty to rape under R.C. 2907.02(A)(1)(c), in which an offender is prohibited from engaging in sexual conduct with another when the offender knows the other person's ability to resist or consent is substantially impaired because of mental or physical condition. Lugo told investigators that he does not recall the encounter because he was under the influence of alcohol and drugs at the time.

**{¶5}** Former R.C. Chapter 2950, known as "Megan's Law," created three classifications for sexual offenders: sexually oriented offender, habitual sex offender, and sexual predator. The state concedes that the second classification, habitual sex offender, does not apply in this case. Former R.C. 2950.01(E) defined a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making a sexual predator determination, the trial court was required to consider all relevant factors, including, but not limited to the factors listed in former R.C. 2950.09(B)(2):

(a) The offender's age;

(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

(g) Any mental illness or mental disability of the offender;

(h) The nature of the offender's sexual conduct, sexual contact,_or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

(j) Any additional behavioral characteristics that contribute to the offender's conduct.

A trial court's sexual predator determination must be based on clear and convincing evidence. Former R.C. 2950.09(B)(3). *State v. Boyce*, 8th Dist. Cuyahoga No. 105532, 2018-Ohio-168, ¶ 11.

{¶6} In *State v. Eppinger*, 91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881, the Supreme Court of Ohio set forth the model procedure for a classification hearing. *Boyce* at ¶ 12. As applicable to the current case, when conducting the hearing, the "trial court should consider

the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." *Eppinger* at 166, citing *State v. Thompson*, 140 Ohio App.3d 638, 748 N.E.2d 1144 (8th Dist.1999); *State v. Russell*, 8th Dist. Cuyahoga No. 73237, 1999 Ohio App. LEXIS 1579 (Apr. 8, 1999); and *State v. Casper*, 8th Dist. Cuyahoga Nos. 73061, 73062, 73063, and 73064, 1999 Ohio App. LEXIS 2617 (June 10, 1999). In order to assist the trial court in making its determination, a hearing should be conducted to

> identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses.

*Eppinger* at 166. "The standards suggested in *Eppinger* for trial courts to follow were designed to 'aid the appellate courts in reviewing the evidence on appeal and ensur[ing] a fair and complete hearing for the offender.'" *Boyce* at ¶ 12, quoting *Eppinger* at 167.

{¶7} No separate classification hearing was conducted in this case. The state sought to have Lugo classified as a sexual predator at his sentencing hearing on the underlying crimes. Although nothing precludes the trial court from conducting a classification hearing in this manner, in this case the prosecutor was limited to presenting her understanding of the events underlying the crime. The victim did not testify or prepare an impact statement for the trial court's consideration, no presentence investigation report was expressly considered (the only report included in the record came from Lorain County with respect to a previous criminal nonsupport case), and no expert testimony was presented to assist the court in determining that the offender is likely to engage in one or more sexually oriented offenses in the future. *Eppinger* at 166. The state only presented a psychological evaluation report that indicated an "average"

likelihood of recidivism, which is considered to be near the bottom end of the recidivism scale, and Lugo's criminal history involving non-sex-related offenses.

{¶8} The state bears the burden to prove that an offender is a sexual predator by clear and convincing evidence. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 20. "Clear and convincing evidence is evidence that 'will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. In this case, the state presented an argument in support of that evidentiary standard:

> The State is going to request that this court find the defendant to be a sexual predator based upon his criminal record. As the court would notice in the House Bill 180 psychological evaluation, the defendant has a criminal record in excess of 30 cycles. That's pretty extensive for this case, and it's one of the factors taken into consideration for finding a defendant to be a sexual predator. Other factors that this court can consider that would support him being a sexual predator is the fact that this victim was so intoxicated, she had to be carried out of a bar and yet somebody still preyed on her, and she's found in her own car with a condom wrapper on the floor.

Tr. 30:23-31:14.

{¶9} The prosecutor's argument as it pertained to the underlying conduct is not evidence, much less clear and convincing evidence. There was no trial transcript or victim impact statement to consider. In *State v. Woolridge*, 8th Dist. Cuyahoga No. 90113, 2008-Ohio-3066, a similar argument in favor of the most severe classification was rejected in a case in which the state failed to present anything other than argument at the hearing. *Id.* The prosecutor in *Woolridge* "stated what he believed the facts of the case to be. He presented no witnesses, no documents, no exhibits, nor any stipulation in support of his position; he merely argued facts not contained in the record." *Id.* at ¶ 6. It was concluded that if the state solely relies on an argument presented by counsel in favor of the sexual predator determination, the state fails to

sustain its burden of proof because arguments of counsel are not considered evidence. *Id.* at ¶ 6-9. In such circumstances, the sexual predator determination should be reversed. *Id*.; *see also State v. Lee*, 8th Dist. Cuyahoga No. 91285, 2009-Ohio-1787, ¶ 12-15.

**{¶10}** We must reiterate that although strict compliance with the model procedures for a classification hearing discussed in *Eppinger* is not necessary, the limited discussion of the issue at the sentencing hearing in this case was insufficient to enable appellate review. There are no facts for consideration, and the evidence that was presented, in and of itself, does not demonstrate a likelihood of recidivism. Any argument presented relating the state's belief as to the facts underlying the crime is not evidence for consideration.

**{¶11}** Further, we cannot consider the state's alternative argument regarding Lugo's criminal history as support of the sexual predator classification. Although an offender's criminal history of non-sex-related offenses must be considered and may be sufficient to tip the scales in favor of the most severe classification when coupled with other factors, it is insufficient standing alone to demonstrate by clear and convincing evidence that the offender is likely to engage in a sex offense in the future. There is no evidence demonstrating a connection between Lugo's non-sex-related criminal history and the likelihood of sexual-related recidivism, and in fact, the psychological evaluation produced by the state's expert indicates a low-tier likelihood of recidivism based on that consideration.

**{¶12}** In addition, the state's reliance on the nature of the underlying crime in support of the likelihood of recidivism is misplaced. As the Ohio Supreme Court has cautioned, "[a]lthough certainly even one sexually oriented offense is reprehensible and does great damage to the life of the victim, R.C. Chapter 2950 is not meant to punish a defendant, but instead, 'to protect the safety and general welfare of the people of this state.'" *Eppinger,* 91 Ohio St.3d at

165, 2001-Ohio-247, 743 N.E.2d 881, quoting R.C. 2950.02(B). Courts cannot adjudicate all sexual offenders as sexual predators, because doing so would undermine the purposes behind the reporting requirement. If every sex offense led to high-risk reporting, the community risks "'being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law.'" *Id.*, quoting *Thompson*, 140 Ohio App.3d 638, 748 N.E.2d 1144 (8th Dist.1999).

{¶13} The "legislature would never have provided for a hearing if it intended for one conviction to be sufficient." *Id.*; *State v. Ward*, 130 Ohio App.3d 551, 561, 720 N.E.2d 603 (8th Dist.1999) (the classification statute is not written to be a "one strike" system). Without evidence demonstrating the nature of this particular offense, the generic commission of the crime cannot be considered a dispositive factor. If the legislature had intended for a single violation of R.C. 2907.02(A)(1)(c) to be the basis of a sexual predator classification, the statutes could have been drafted accordingly.

{¶14} As a result of the foregoing, we reverse and remand. Upon remand, the trial court shall conduct a proper sexual offender classification hearing in accordance with *Eppinger* and with full consideration of all the factors enumerated in former R.C. 2950.09(B)(2).

It is ordered that appellant recover from appellee costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
MELODY J. STEWART, J., CONCUR