[Cite as *State v. Shumway*, 2018-Ohio-1227.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2017-CA-51 |
| | : | |
| v. | : | T.C. NO. 2009-CR-490 |
| | : | |
| SAMUEL R. SHUMWAY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the 30th day of March, 2018.

. . . . . . . . . .

ELIZABETH ELLIS, Atty. Reg. No. 74332, 55 Greene Street, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

JAMES ANZELMO, Atty. Reg. No. 68229, 446 Howland Drive, Gahanna, Ohio 43230
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Samuel R. Shumway appeals a decision of the Greene

County Court of Common Pleas, Criminal Division, revoking his community control in

Case No. 2009 CR 0490 and sentencing him to four years in prison. Shumway filed a timely notice of appeal with this Court on September 14, 2017.

{¶ 2} On August 7, 2009, Shumway was indicted for the following offenses, to wit: Count I, aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree; and Count II, aggravated vehicular homicide, in violation of R.C. 2903.06(A)(2)(a), a felony of the third degree. In return for dismissal of Count I, Shumway pled guilty to Count II. The trial court sentenced Shumway to five years of community control. Shumway did not appeal the trial court's judgment.

{¶ 3} On July 24, 2013, Shumway admitted to violating the terms of his community control. After a hearing held on August 1, 2013, the trial court revoked Shumway's community control and sentenced him to four years in prison. Again, Shumway did not appeal the judgment of the trial court. Thereafter on August 25, 2014, Shumway filed a motion for judicial release. The trial court granted Shumway's motion for judicial release in a judgment entry issued on November 12, 2014, placed him on community control, and ordered him to seek treatment at the Greene Leaf Therapeutic Community and Aftercare Program.

{¶ 4} On April 10, 2017, the Greene County Adult Probation Department filed an affidavit requesting that Shumway's community control be revoked, asserting that he had violated the following conditions of his supervision: 1) he failed to report to his probation officer as directed on March 23, 2017; 2) he had a positive drug screen on January 23, 2017, for benzodiazepine and marijuana; 3) he had a positive drug screen on February 13, 2017, for benzodiazepine, marijuana, and oxycodone; 4) he had a positive drug screen on March 27, 2017, for suboxone; and 5) he failed to comply with the trial court's

order to attend substance abuse treatment services.

{¶ 5} On May 10, 2017, Shumway waived his right to a probable cause hearing in the revocation proceedings, and the trial court ordered an evidentiary hearing to be held on July 7, 2017. Shumway waived his right to an evidentiary hearing, and on August 17, 2017, he admitted violating the terms of community control. The trial court revoked Shumway's community control and re-imposed his original sentence of four years in prison.

{¶ 6} It is from this judgment that Shumway now appeals.

{¶ 7} Shumway's first assignment of error is as follows:

{¶ 8} "SHUMWAY DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVE HIS RIGHT TO AN EVIDENTIARY HEARING ON THE ALLEGATIONS OF COMMUNITY CONTROL VIOLATIONS, IN CONTRAVENTION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION."

{¶ 9} In his first assignment, Shumway contends that he did not knowingly, intelligently, and voluntarily waive his right to an evidentiary hearing because the trial court failed to do the following at the revocation hearing: 1) inquire as to Shumway's level of education; 2) inquire as to whether he was under the influence of any alcohol or drugs; 3) inform him of the prison sentence that would be imposed if the trial court revoked his community control; 4) inform him that he had the right to confront witnesses, subpoena witnesses, and testify on his own behalf; and 5) inquire as to whether he was satisfied with his attorney.

{¶ 10} "The right to continue on community control depends upon compliance with community control conditions and is a matter resting within the sound discretion of the court. Accordingly, we review the trial court's decision to revoke a defendant's community control for an abuse of discretion. Abuse of discretion has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Internal citations omitted.) *State v. Lewis*, 2d Dist. Montgomery No. 23505, 2010–Ohio–3652, ¶ 11.

{¶ 11} A defendant is entitled to due process when his community control is revoked as the result of a violation of a condition imposed on that control. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). "The due process rights which must be observed in a community control revocation hearing are: (1) written notice of the claimed violations of community control; (2) disclosure of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control." (Internal citations omitted.) *State v. Cunningham*, 2d Dist. Clark Nos. 2014–CA–99, 2014–CA–100, 2015-Ohio-2554, ¶ 11.

{¶ 12} "[C]ommunity control revocation proceedings are not the same as a criminal trial, and a revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation." *State v. Black*, 2d Dist. Montgomery No. 24005, 2011–Ohio–1273, ¶ 17. Upon revoking community control, the trial court may (1) lengthen the term of the community control sanction; (2) impose a more restrictive community control sanction; or (3) impose a prison

term on the offender, provided that the prison term is within the range of prison terms available for the offense for which community control had been imposed and the term does not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing. R.C. 2929.15(B).

{¶ 13} Initially, we note that Shumway was represented by counsel at the revocation hearing held on August 17, 2017, wherein the following exchange occurred:

Trial Court: *** After an in chambers conference, it's my understanding that, [defense counsel], your client will admit certain violations in this matter. Did you – can you remember if we had a probable cause hearing or was that waived?

Defense Counsel: I believe that before I represented Mr. Shumway prior counsel has waived the probable cause hearing.

Trial Court: Waived the probable cause hearing.

Defense Counsel: And requested a revocation hearing in this matter.

Trial Court: Very good. It's just which check mark to put on this then; so that he will admit he violated his conditions of community control; waived his right to a probable cause hearing; and an evidentiary hearing; and consented to proceed to sentencing today. And again [defense counsel], is that what we're planning to do today?

Defense Counsel: That's what we've planned to do, yes Your Honor.

Trial Court: And Mr. Shumway is that what you're planning to do today?

Shumway: Yes sir.

Tr. 64-65.

{¶ 14} After the trial court determined that Shumway had waived the probable cause hearing and the evidentiary hearing, the following exchange occurred:

Trial Court: *** The Court finds that a motion/affidavit was filed by the Greene County Adult Probation Department alleging the Defendant had violated probation supervision 8, 9 and 17. The Court, after considering the motion/affidavit, ordered a capias for the arrest of the Defendant be issued immediately.

The Court has notified the Defendant that revocation of probation consists of due process requirements including a probable cause hearing and an evidentiary hearing.

*The Defendant, after having had an opportunity to review with his attorney the facts in the case and the report of the Probation Department, then admitted he did violate the conditions of his community control, which will be enumerated shortly after allocution, and waived his right to a probable cause hearing and an evidentiary hearing; and consented to proceed to sentencing today.*

And, again [defense counsel], is that what we are doing today?

Defense Counsel: Yes sir.

Trial Court: And is that what you're asking the Court to do Mr. Shumway?

Shumway: Yes, Your Honor.

The Court: Very good. The Court finds there is substantial evidence

the Defendant violated his community control granted him in this case as alleged in the motion/affidavit filed. *Pursuant to Criminal Rule 32, first [defense counsel], if there's anything you would like to say you have the floor to do so or you can waive that. It's up to you.*

Defense Counsel: Your Honor, I would and, I think just so the record is clear, Mr. Shumway has discussed prior to entering the court, Mr. Shumway is not disputing and admitting that with respect to condition number 9 that on January 23rd he tested positive for marijuana. Three weeks later he was tested again on February 13, 2017 and marijuana was still – he still tested positive as marijuana was still in his system; and on March 27, 2017 there was also a positive test for Suboxone.

Tr. 66-67.

{¶ 15} Thereafter, the following exchange occurred between Shumway and the trial court:

Shumway: Your Honor, it's – it's no excuse that I've used alternative medications in this matter. I understand the severity of this crime. This has been a horrible and tragic accident in my life and Brian truly was a great friend and a great person. And I loved him like he was my own brother. I've dealt with pain now for 8 years, emotionally. I've dealt with the physical pain and it just – it doesn't get easier. It gets harder as the time goes on. I just – I've had – I've been dependent on these medications in the past. I know what they lead to and I thank God that I've never taken it beyond the medications that's been prescribed. I have a dependency on them due to

the severe pain that I suffer daily and my career choice is not helping the matter.

The Court: You made a statement that you haven't taken them beyond the medications of which you've been prescribed.

Shumway: Well.

The Court: With the exception of Suboxone and marijuana?

Shumway: Yes sir.   I'm – I'm sorry for that.

Tr. 75-76.

{¶ 16} In the instant case, we find that the trial court complied with all of the requirements enunciated in Crim.R. 32.3.   Shumway does not dispute that he was properly apprised of all of the allegations against him, to wit: 1) he failed to report to his probation officer as directed on March 23, 2017; 2) he had a positive drug screen on January 23, 2017, for benzodiazepine and marijuana; 3) he had a positive drug screen on February 13, 2017, for benzodiazepine, marijuana, and oxycodone; 4) he had a positive drug screen on March 27, 2017, for suboxone; and 5) he failed to comply with the trial court's order to attend substance abuse treatment services.   At the revocation hearing, Shumway affirmatively stated that he had the opportunity to review the affidavit from the Probation Department and was admitting to violating the terms of his community control.

{¶ 17} Shumway relies on our prior decision in *Cunningham* for his argument that the trial court erred when it failed, pursuant to Crim.R. 11, to inquire regarding his level of education, whether he was under the influence of alcohol or drugs, that he had the right to confront witnesses and to subpoena witnesses on his behalf, that he had the right to

testify on his own behalf, but was not required to, and whether he was happy with his representation. In *Cunningham*, the trial court did make all of those inquiries of the defendant before accepting his admissions to violating community control. *Id.* at ¶ 15. Nevertheless, we specifically stated the trial court was not required to make those inquiries prior to accepting the defendant's admissions to violating community control. *Id.*

{¶ 18} A trial court need not comply with the requirements of Crim.R. 11, which governs pleas, in accepting an offender's admission to community control violations. *Cunningham* at ¶ 14. Rather, Crim.R. 32.3 applies to revocation of community control, and states that the trial court "shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed." *Id.*

{¶ 19} In the instant case, the record firmly establishes that the trial court complied with Crim.R. 32.3 when it accepted Shumway's admission to violating his community control at the revocation hearing held on August 17, 2017. Moreover, nowhere in the record does Shumway appear confused regarding the nature of the proceedings, nor is there any evidence in the record that he was under the influence of any drugs or alcohol. Shumway acknowledged a waiver of the evidentiary hearing and admitted violating his supervision at the hearing, and the trial court explained on the record the basis for its ruling. On the same day the hearing was held, the trial court issued a written decision explaining its basis for revoking Shumway's community control.

{¶ 20} We further note that this was not Shumway's first probation revocation proceeding in the instant case. The record establishes that Shumway admitted to violating the terms of his community control at a prior hearing held on August 1, 2013,

after which the trial court revoked his community control and sentenced him to four years in prison. As previously stated, the trial court granted Shumway's motion for judicial release in a judgment entry issued on November 12, 2014, and placed him on community control which is at issue here.

{¶ 21} Shumway's first assignment of error is overruled.

{¶ 22} Shumway's second and final assignment of error is as follows:

{¶ 23} "SHUMWAY'S FOUR-YEAR PRISON TERM IS CONTRARY TO LAW, IN CONTRAVENTION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION."

{¶ 24} In his second assignment, Shumway argues that his four year prison sentence is contrary to law. Specifically, Shumway contends that the sentence imposed by the trial court was not supported by the record in light of certain mitigating circumstances present in this case. Shumway acknowledges that he had the opportunity to challenge his sentence as being contrary to law when it was originally imposed by the trial court after it revoked his community control for the first time in August of 2013. Nevertheless, he argues that we can address his argument "in order to correct a manifest injustice." Shumway is incorrect.

{¶ 25} Upon review, we find res judicata applicable. The doctrine bars re-litigation of matters that either were raised in a prior appeal or could have been raised in a prior appeal. *State v. McCoy*, 2d Dist. Greene No. 04CA112, 2005–Ohio–6837, ¶ 15. Under Ohio law, "a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 233, ¶ 8. A void

sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at paragraph one of the syllabus. "Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Simpkins*, 117 Ohio St.3d 420, 2008–Ohio–1197, 884 N.E.2d 568, ¶ 12. Moreover, "defendants with a voidable sentence are entitled to resentencing only upon a successful challenge on direct appeal." *State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306, ¶ 30.

{¶ 26} In the instant case, Shumway's argument regarding his sentence demonstrates that, at most, his sentence is voidable. Shumway does not claim that his sentence is not in conformity with statutorily mandated terms, or is not provided for by law, or even that the sentence fails to comply with the formal requirements of R.C. 2941.25. To the extent that the trial court may have erred when it sentenced Shumway to four years in prison when he violated his community control the first time in August of 2013, his sentence would have been at most only voidable, but in no way is the sentence illegal so as to render it void. *See State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 9.

{¶ 27} Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal. *Simpkins* at ¶ 30. It is undisputed that Shumway did not appeal from the imposition of the four-year sentence when it was first imposed in August of 2013. Because Shumway's sentence, assuming his argument had any merit, would be merely voidable, he is barred by the doctrine of res judicata from challenging his sentence on those grounds in the instant appeal.

{¶ 28} Shumway's second and final assignment of error is overruled.

{¶ 29} Both of Shumway's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Elizabeth Ellis
James Anzelmo
Hon. Michael A. Buckwalter